# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | JAMES F. HOLDERMAN | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 3573 | **DATE** | August 5, 2003 |
| **CASE TITLE** | Kevin Blankenship (#K-71617) vs. Correctional Officer Kittle, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)    ☐ General Rule 21    ☐ FRCP41(a)(1)    ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Upon initial review of the complaint under 28 U.S.C. § 1915A, plaintiff's constitutional claims against defendant Kittle are dismissed with prejudice; plaintiff's state-law claims against Kittle are dismissed without prejudice to his raising them in an appropriate state court, terminating defendant Kittle. Certain claims against defendants Briley and Crooks are dismissed with prejudice; other claims dismissed without prejudice and with leave to amend. Plaintiff may file an amended complaint consistent with the instructions given in the Memorandum Opinion and Order within thirty days of the date of this order. If plaintiff fails to do so, this action may be dismissed. Plaintiff's motion for appointment of counsel [4-1] is denied without prejudice at this time.

*James F. Holderman*

(11) ■ For further detail see order attached to the original minute order.

| | No notices required, advised in open court. | | | **Document Number** |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | AUG 0 6 2003 date docketed | |
| ✓ | Docketing to mail notices. | | | 7 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | U.S. DISTRICT COURT CLERK 03 AUG -6 AM 8:16 FILED FOR DOCKETING | | |
| KS | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice | |
| | | | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KEVIN L. BLANKENSHIP, ) | |
| ) | |
| Plaintiff, ) | **DOCKETED** |
| ) | AUG 0 6 2003 |
| v. ) | |
| ) | No. 03 C 3573 |
| CORRECTIONAL OFFICER KITTLE, ) | |
| CORRECTIONAL COUNSELOR CROOKS, ) | |
| WARDEN BRILEY, Employees of Stateville ) | |
| Correctional Center, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

JAMES F. HOLDERMAN, District Judge:

Plaintiff Kevin L. Blankenship, a prisoner in the custody of the Illinois Department of Corrections (IDOC) at East Moline Correctional Center, filed a *pro se* complaint under 42 U.S.C. § 1983 against officials at Stateville Correctional Center. Blankenship asserts his constitutional rights were violated when he was injured unloading a truck, received inadequate medical care, and was subsequently transferred and denied work release placement.

Blankenship has been granted leave to proceed in forma pauperis. Before ordering service on defendants, 28 U.S.C. § 1915A requires the court to conduct an initial review of the complaint and to dismiss any portion the court finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief. In determining whether the complaint states a claim upon which relief may be granted, the court accepts the allegations of the complaint as true and draws all reasonable inferences in the plaintiff's favor. *Wynn v. Southward*, 251 F.3d 588, 591-92 (7th Cir. 2001).

Following the factual allegations, the complaint sets forth four "counts," according to the legal theories Blankenship believes entitle him to recovery. Because each "count" is not limited to a single

theory and some theories are mistaken, the complaint cannot be analyzed count by count, but must be broken down into potential claims.

I. <u>Negligence Claim Against Defendant Kittle</u>

On February 20, 2003, Blankenship was working at the Stateville minimum security unit standing inside the back of a produce truck helping to unload it. The truck started to roll backwards, allegedly because defendant correctional officer Kittle had neglected to leave the truck in gear or set the brakes. Just as Blankenship tried to jump clear of the moving truck, the truck hit a culvert, pitching him out. Blankenship sustained injuries to his neck, arm and shoulder.

Blankenship does not have a constitutional claim against Kittle for causing the accident. If Kittle failed to take precautions in parking the truck, he could be found to have violated a duty of reasonable care owed to Blankenship, rendering Kittle liable for damages under Illinois negligence law. But a negligence claim arises from the breach of a duty created by state law, not the United States Constitution. A prisoner's injury caused by a state employee's negligence is not a constitutional violation because the Eighth Amendment only forbids cruel and unusual *punishment*. An accident is not punishment because it is unintentional. Only injury resulting either from a defendant's intentional actions or his or her deliberate indifference -- conscious disregard of a known, serious risk to the prisoner -- can be considered punishment. *See Farmer v. Brennan*, 511 U.S. 825, 836-39 (1994); *Williams v. Seiter*, 501 U.S. 294, 296-300 (1991). Kittle's failure to set the parking brake is not the kind of criminal recklessness that violates the Eighth Amendment. *See Bagola v. Kindt*, 131 F.3d 632, 646 (7th Cir. 1997)("deliberate indifference is akin to criminal recklessness").

Although Blankenship labels Count I of his complaint "Deliberate Indifference," the label is not enough. A plaintiff may plead a legal conclusion such as "deliberate indifference," *see, e.g., McCormick v. City of Chicago*, 230 F.3d 319, 325 (7th Cir. 2000), but a legal conclusion may be ignored if the allegations are inconsistent with it. Liberal federal pleading "is not a mandate to countenance balderdash." *Jennings v. Emry*, 910 F.2d 1434, 1441 (7th Cir. 1990). Deliberate indifference requires actual knowledge of a serious risk of harm; it is not enough that a defendant

2

"should have known." Kittle may have neglected reasonable safety precautions, but it is unbelievable that he *knew* the truck was likely to roll backwards; a runaway truck would have endangered both prisoners and staff and a smashed truck could have cost Kittle his job. The court also notes that Blankenship stated in a declaration attached to his complaint that Kittle "asked of my health" following the accident, indicating that Kittle had not been deliberately indifferent to his safety.

In the absence of a claim under the Constitution or federal law, this court would have jurisdiction over state-law claims only if the plaintiff is not a citizen of the same state as any of the defendants, *see* 28 U.S.C. § 1332(a), and all parties here appear to be Illinois citizens. As Blankenship has no federal claim against Kittle, Kittle is dismissed as a defendant, and Blankenship's state-law claims are dismissed without prejudice to Blankenship's raising them in an appropriate state court.

II. Claims Against Defendant Briley For Failure to Train and Supervise

Count II of the complaint alleges that defendant Kenneth Briley, the warden of Stateville, is liable to Blankenship for breaching an alleged duty under state law to train and supervise Kittel. Blankenship also alleges Briley breached a duty to train and supervise defendant correctional counselor Crooks and non-defendant correctional counselor Lilly, both of whom allegedly mishandled and neglected his grievances. Blankenship cites IDOC regulations governing prison grievance procedures, 20 Ill. Admin. Code §§ 504.810 - 504.850.

These claims are also based on state law; unlike Blankenship's negligence claim against Kittel, they are frivolous. Warden Briley had no duty to train Kittle to use the parking brake, nor to supervise him while parking the truck. As for Briley's duties under IDOC regulations with respect to the grievance procedure, a warden's supervisory powers and responsibilities under state law do not give prisoners a right to sue for damages. *See McNeil v. Carter*, 318 Ill.App.3d 939, 942-43, 742 N.E.2d 1277, 1280-81 (3rd Dist. 2001), *appeal denied*, 195 Ill.2d 555, 754 N.E.2d 1286 (2001). As the Illinois Appellate Court has stated:

> Prison regulations . . . were *never* intended to confer rights on inmates or serve as a basis for constitutional claims. [Citation] Instead, Illinois DOC regulations, as well as

3

the Unified Code [of Corrections], were designed to provide guidance to prison officials in the administration of prisons. In addition, Illinois law creates no more *rights* for inmates than those which are constitutionally required.

*Ashley v. Snyder*, 316 Ill.App.3d 1252, 1258, 739 N.E.2d 897, 902 (4th Dist. 2000)(emphasis in original). Count II is dismissed with prejudice.

III. Handling of Grievances

Blankenship's Count III is captioned "Conspiracy to Retaliate and Ignore Grievances." Blankenship alleges a "concerted effort to cover up any liability of defendants above," claiming that Crooks left grievances uncollected in the grievance box for over 30 days and Briley waited until after he had been transferred to respond to his grievances.

Putting retaliation aside, ignoring grievances does not state a claim upon which relief may be granted. A prison official can be liable under 42 U.S.C. § 1983 for failing to respond to violations of a prisoner's constitutional rights that come to his or her attention via the grievance procedure. *See Vance v. Peters*, 97 F.3d 987, 993 (7th Cir. 1996); *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995); *Verser v. Elyea*, 113 F.Supp.2d 1211, 1215-16 (N.D. Ill. 2000)(Bucklo, J.). This, however, is a consequence of the official's duty under federal law to prevent and remedy constitutional violations, not a duty to respond to grievances. There is no constitutional right to an institutional grievance procedure. Illinois law and regulations establishing IDOC's grievance procedure neither create a liberty interest under the Fourteenth Amendment's Due Process Clause, *Antonelli v. Sheahan*, 81 F.3d 1422, 1430-31 (7th Cir. 1996), nor, as discussed above, do they create a right to sue under state law.

IV. Denial of Medical Care

Blankenship labels Count IV of his complaint "Denial of Medical Care." Deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment, *Wynn*, 251 F.3d at 593, and this includes deliberate, unreasonable delay in providing medical care. *Langston v. Peters*, 100 F.3d 1235, 1240 (7th Cir. 1996). A "serious" medical need is "one that has been diagnosed by

4

a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Wynn*, 251 F.3d at 593 (quoting *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997)). As in the case of the truck accident, negligent conduct that injures an inmate does not violate the Eighth Amendment because it is not an "unnecessary and wanton infliction of pain . . . repugnant to the conscience of mankind." *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976). A defendant can be liable only if he or she "was subjectively aware of the prisoner's serious medical needs and disregarded an excessive risk that a lack of treatment posed to the prisoner's health or safety from lack of treatment." *Wynn*, 251 F.3d at 593.

Taking the allegations of the complaint as true, Blankenship suffered severe and persistent pain, which is a serious medical need. *Walker v. Benjamin*, 293 F.3d 1030, 1040 (7th Cir. 2002). Nevertheless, the complaint fails to state a constitutional claim because Blankenship does not allege who, if anyone, prolonged or aggravated his pain through deliberate indifference. Blankenship vaguely alleges that "proper orthopedic care was not given," "threats were made involving transfer of injured work release workers," and "staff made unhurried efforts to treat and relieve pain." Cmplt. 18-19. Blankenship has provided a cryptic chronology of his treatment, Cmplt. 7-9, and copies of semi-legible progress notes from his medical file.

This is not enough. Although the court reviews with care the complaints of *pro se* plaintiffs, it is up to Blankenship, not the court, to prepare his complaint. A complaint need not be written in "legal language"; it is only required to be a "short and plain statement of the claim." Rule 8(a), Fed.R.Civ.P. A complaint should contain factual statements outlining what the plaintiff alleges each defendant has done or failed to do and how it injured him, presented in an orderly way so that the defendants can respond to it. Blankenship's medical care claims are dismissed with leave to replead them in an amended complaint.

V. Retaliation

As the court understands the complaint, Blankenship believes that Briley, Crooks and perhaps others conspired to retaliate against him for making complaints and filing grievances while at the

Stateville minimum security unit. Blankenship appears to allege that his transfer from the Stateville minimum security unit to East Moline Correctional Center was retaliatory, and that as a result of retaliation he was denied an opportunity for work release.

A prisoner has no constitutionally protected liberty interest in being assigned to any particular correctional facility or remaining there, and may be transferred without notice or an opportunity to be heard. *See Meachum v. Fano*, 427 U.S. 215, 224 (1976); *Whitford v. Boglino*, 63 F.3d 527, 532 (7th Cir. 1995). The regulation governing eligibility for work release, 20 Ill. Admin. Code § 455.30, also creates no constitutionally protected liberty or property interest, because meeting the criteria for eligibility does not guarantee placement in work release. More prisoners are eligible for work release than there are places in community correctional centers. Because prison officials have discretion to choose among eligible prisoners, eligibility alone creates no protected entitlement. *DeTomaso v. McGinnis*, 970 F.2d 211, 213 (7th Cir. 1992).[1]

Nevertheless, inmates have a First Amendment right to petition for redress of grievances without fear of retaliation, and permissible conduct can become impermissible when done for retaliatory reasons. *DeWalt v. Carter*, 224 F.3d 607, 613 (7th Cir. 2000)(loss of prison job); *Babcock v. White*, 102 F.3d 267, 275 (7th Cir. 1996)(retaliatory transfer). Although the complaint, read liberally, might adequately state a claim for retaliation, *see Walker v. Thompson*, 288 F.3d 1005, 1008-09 (7th Cir. 2002), rather than let the case proceed on this claim alone, the court will permit Blankenship to file an amended complaint restating both his retaliation and medical care claims. The amended complaint should state (a) what grievances or complaints Blankenship alleges subjected him to retaliation, (b) what adverse actions were taken against him in response, and (c) how each defendant participated in such actions and shared or knew of the retaliatory motive.

---

[1] A prisoner who has actually been assigned to work release may have a protected interest in keeping the assignment, preventing his reassignment without due process of law. *Compare Hamilton v. Peters*, 919 F.Supp. 1168, 1171 (N.D.Ill. 1996)(Plunkett, J.)(no protected interest) *with Segreti v. Gillen*, 259 F.Supp.2d 733, 738 (N.D.Ill. 2003)(Gettleman, J.)(protected interest in remaining in work release). Blankenship does not allege that he had been assigned to work release, or that his application had received the final approval of the Director of IDOC or his designee as provided in 20 Ill. Admin. Code § 455.40.

6

## CONCLUSION

Blankenship's constitutional claims against Kittle are dismissed with prejudice, and his state-law claims are dismissed without prejudice to his raising them in an appropriate state court. Blankenship's claims against Briley for failure to train or supervise Kittle, and for failure to train or supervise counselors with respect to their handling of grievances, are dismissed with prejudice. Blankenship's claims of retaliation and denial of medical care are dismissed without prejudice to his filing an amended complaint repleading these claims within thirty days of the date of this order.

The amended complaint must name all defendants in the caption. Defendants whose names are unknown may be named and referred to as "John Doe #1," "Doctor John Doe #2," or the like. The amended complaint should allege which defendant was responsible for each alleged action or failure to act. Allegations should be set forth in numbered paragraphs, with each paragraph limited to a statement of a single set of circumstances as far as practicable. Claims based on separate occurrences should be stated in separate counts. *See* Rule 10(a), Fed.R.Civ.P.

Because the amended complaint supersedes the original complaint, all allegations against all defendants must be set forth in the amended complaint without reference to the original complaint. Exhibits may be attached to the amended complaint, but all relevant factual allegations should be included in the amended complaint itself. For example, if a grievance was filed with respect to an incident, a copy of the grievance may be attached as an exhibit, but the relevant facts regarding the incident should be set forth in numbered paragraphs in the amended complaint.

Blankenship must provide a signed original amended complaint, a copy for the judge, and an additional copy for each defendant. All copies must have a complete set of exhibits attached. If Blankenship fails to comply with these instructions, this action may be dismissed.

ENTER:

JAMES F. HOLDERMAN
United States District Judge

DATED: AUG 5, 2003